[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Marine Midland Bank obtained judgments from the New York Supreme Court against Richard Schlesinger and William Weinstein totaling approximately $47 million. Marine Midland Bank alleges in this action that Schlesinger and Weinstein entered into a fraudulent transfer with Pilgrim Mortgage Corp. (Pilgrim) and Waterbury Industrial Commons Associates, and that Schlesinger controls and dominates Pilgrim. Marine Midland Bank seeks a decree voiding a mortgage and judgment lien held by Pilgrim on Waterbury Industrial Commons on the ground that Pilgrim is a fraudulent entity used by Schlesinger to avoid his debts.[1]
On January 29, 1998, Pilgrim and other defendants filed a partial motion for summary judgment relating to the alleged transfer in December of 1991 of a $7 million mortgage on Waterbury Industrial Commons from Bank of Boston to Pilgrim. Pilgrim purchased Bank of Boston's rights for $1.1 million. Pilgrim argues that the fraudulent conveyance statute of limitations in General Statutes § 52-552j has expired and that it is entitled to partial summary judgment on count one of the first amended complaint. Marine Midland Bank filed a memorandum in opposition to the motion for summary judgment on April 15, 1998, arguing that the Bank of Boston allegations are not a claim for fraudulent transfer, but rather a request to have the court pierce the corporate veil to expose Schlesinger as Pilgrim's alter ego. Marine Midland Bank argues that since an action to pierce the corporate veil is equitable in nature, it is not governed by any statute of limitations. In the alternative, Marine Midland Bank argues that even if the Bank of Boston transaction is considered to be a fraudulent conveyance, the statute of limitations has not run as Marine Midland Bank discovered Pilgrim's fraud in April of 1997. Further reply briefs were filed by the parties, and the matter was heard by the court on June 22, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 1877 moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . this not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court (in support of a motion for summary judgment . . . (Internal quotation marks omitted.)Maffucci v. Royal Park Limited Partnership, 243 Conn. 552, 554
55, 707 A.2d 15 (1998).
Count one of the second amended complaint purports to state a cause of action to void a fraudulent mortgage and judgment lien held by Pilgrim against Waterbury Industrial Commons Associates. Marine Midland Bank alleges that the creation of Pilgrim and the Bank of Boston mortgage transaction were fraudulent. Marine Midland Bank further alleges that Pilgrim is the alter ego of Schlesinger. In the prayer for relief, Marine Midland Bank seeks a decree voiding the subject mortgage, and an order of execution pursuant to General Statutes § 52-552h(b). "Even on a motion for summary judgment the court must construe a complaint broadly, as it would at trial . . . This is especially true where, as here, the motion for summary judgment is employed as a motion to strike, to challenge the legal sufficiency of the pleading."Daniels v. Anderson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319593 (February 3, 1997, Levin, J.) (18 CONN. L. RPTR 689). Thus, the cause of action contained in count one is an action to pierce the corporate veil of Pilgrim in order to enforce Marine Midland Bank's judgment, rather than an action brought under the uniform Fraudulent Transfer Act.
"The concept of piercing the corporate veil is equitable in nature." Angelo Tomasso, Inc. v. Armor Construction Paving,Inc., 187 Conn. 544, 555, 447 A.2d 406 (1982). "Courts will . . . disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on CT Page 1878 the real actor." (Internal quotation marks omitted.) Id., 552.
In CHRO v. Travel Tour Services, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 519557 (July 12, 1994, Hennessey, J.), the court was confronted with the issue of which statute of limitations should be applied to an action to pierce the corporate veil. In its decision on the defendants' motion for summary judgment, the court rejected the defendants' argument that the tort statutes of limitation, General Statutes § 52-577 and, § 52-584 should apply. Rather, the court agreed with the plaintiff that the claim was actually an action to enforce a prior judgment against the corporate defendant by piercing the corporate veil. In light of these circumstances, the court applied the statute of limitations provided for in General Statutes § 52-598, which contains a twenty-year statute of limitations for enforcing judgments.
The court is obliged to accept as true all well pleaded facts for purposes of a motion for summary judgment. Suarez v. DickmontPlastics Corp., 229 Conn. 99, 110, 639 A.2d 507 (1994). As pleaded, the first count of the second amended complaint seeks to collect a prior judgment against Schlesinger by piercing the corporate veil of Pilgrim. Accordingly, Pilgrim's motion for summary judgment on count one based on the statute of limitations for fraudulent conveyance is denied.
HICKEY, J.